UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICIA HINES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-167 |
| | § | |
| WELLS FARGO BANK, N.A., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is a motion for summary judgment on defendants' counterclaims for attorneys' fees and costs filed by defendants Wells Fargo Bank, N.A. ("Wells Fargo"), America's Servicing Company ("ASC"), Deutsche Bank Trust Company as Trustee for Securitized Trust Morgan Stanley Home Equity Loan Trust 2007-1 ("Deutsche Bank"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, the "defendants"). Dkt. 48. After reviewing the defendants' motion, plaintiff Patricia Hines's ("Hines") response, defendants' reply, and the applicable law, the motion for summary judgment (Dkt. 48) is **GRANTED**.

**I. BACKGROUND**

Although the court's prior order set forth the factual background in some detail, the court will recount the relevant facts pertinent to the instant motion. On October 10, 2006, Hines took out a home loan in the amount of $130,160.00 in favor of First NLC Financial Services, LLC ("First NLC"), the "Lender," for the purchase of a home in Spring, Texas. Dkt. 38, Ex. A (the promissory note). Hines contemporaneously executed a deed of trust (the "deed") to secure payment of the

note.[1]  Dkt. 38, Ex. B (the deed).  The deed named Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for First NLC and its successors and assigns.[2]  *Id.* at 1.

Section 7(E) of the note states: "If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing the Note to the extent not prohibited by applicable law.  These expenses include, for example, reasonable attorneys' fees."  Dkt. 38, Ex. A at 3 ¶ 7(E).  Section 9 of the deed sets forth similar obligations of the mortgagor: "If . . . there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument . . ., then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property. . . including . . . paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument . . . .  Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument."  Dkt. 38, Ex. B at 6–7 ¶ 9.  Significantly, these sections make clear that Hines's debt, as the borrower, can include reasonable attorneys' fees and costs incurred by the Lender to enforce its rights under the note and deed.  *Id.*

On September 30, 2008, MERS recorded an assignment of the note and deed in which MERS purported to assign the note and deed to Deutsche Bank.  Dkt. 38, Ex. C (assignment).  Wells Fargo, through its subsidiary ASC, services the loan for Deutsche Bank.  Dkt. 38, Ex. H (declaration of Michael Dolan) at 2 ¶ 10.

---

[1] Courts interchangeably use the terms "deed of trust" and "mortgage" throughout the relevant case law.  *See Starcrest Trust v. Berry*, 926 S.W.2d 343, 351 (Tex. App.—Austin 1996, no writ) (defining "deed of trust" as a mortgage with power to sell on default).  This court will generally refer to the "deed of trust" in this opinion as simply the "deed."

[2] The MERS system is an "electronic mortgage registration system and clearinghouse that tracks beneficial ownerships in, and servicing rights to, mortgage loans."  *In re Mortg. Elec. Registration Sys. (MERS) Litig.*, 659 F. Supp. 2d 1368, 1370 (J.P.M.L. 2009).

After Hines's third default on her home loan payments, ASC sent Hines a notice of default on October 17, 2012. Dkt. 38, Ex. H at 3 ¶ 14; Dkt. 38, Ex. G (notice). The notice required payment of the loan delinquency by November 20, 2012, and it stated that failure to do so would result in acceleration of the note. Dkt. 38, Ex. H at 3 ¶ 15; Dkt. 38, Ex. G at 1. Hines failed to cure her default within the requisite time period, Dkt. 38, Ex. H at 3 ¶ 16, and no party has foreclosed on the home to date, in which Hines still resides.

On January 11, 2013, Hines filed this lawsuit in the 127th Judicial District Court of Harris County, Texas. Dkt. 1 (notice of removal) at 1 ¶ 1. Defendants timely removed the case to this court on January 23, 2013. *Id.* at 1. In Hines's live pleading, she asserted the following claims: a declaratory judgment claim to prevent a wrongful foreclosure; fraud in the concealment; fraud in the inducement; intentional infliction of emotional distress; slander of title; quiet title; rescission; violations of the Truth in Lending Act and the Home Ownership and Equity Protection Act; violations of the Real Estate Settlement Procedures Act; and other miscellaneous violations. Dkt. 30. On May 21, 2013, defendants answered plaintiff's live pleading and filed a counterclaim for attorneys' fees under Texas law, arguing Hines was liable based on filing a frivolous case and under the relevant note and deed provisions. Dkt. 39 at 10.

On May 14, 2013, defendants filed a motion for summary judgment as to all of plaintiff's claims. Dkt. 38. On October 28, 2013, the court granted defendants' motion and dismissed plaintiff's claims with prejudice. Dkt. 47. The court specifically found that Deutsche Bank could enforce the obligations of the note and deed as an owner of the note.[3] *See id.* at 9–10; *see also*

---

[3] The court also stated in its opinion that Deutsche Bank had produced evidence establishing itself as the "current holder . . . of the note." Dkt. 47 at 9. After reviewing the record further, however, the court has determined that this statement was incorrect. Deutsche Bank did not produce evidence indicating that it is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." TEX. BUS. & COM. CODE § 1.201(b)(21)(A) (defining "holder" under Texas statutory law). Nevertheless, this misstatement was dicta and

3

*Martin v. New Century Mortg. Co.*, 377 S.W.3d 79, 84–85 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (finding that an assignee of a note may enforce its obligations as the current owner of the note, regardless of its status as a holder).

Defendants then moved for summary judgment on their counterclaims on November 7, 2013, contending that there was no genuine dispute of material fact related to their entitlement for attorneys' fees under Texas contract law.[4] Dkt. 48. Hines responded on December 4, 2013, arguing that the court should deny defendants' motion on two grounds: (1) Deutsche Bank is not a holder of the note; and (2) a genuine dispute of material fact exists as to whether MERS's September 24, 2008 assignment to Deutsche Bank was invalid under MERS's Rules of Membership and New York trust law. Dkt. 50 at 9–17. The motion is ripe for adjudication.

## II. LEGAL STANDARD

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is

---

does not affect the court's reasoning in the prior order, given that Hines did not present a genuine dispute of material fact as to Deutsche Bank's status as the current owner of the note pursuant to an assignment from MERS on September 24, 2008. Dkt. 38, Ex. C.

[4] Defendants did not move for summary judgment on their alternative grounds for fees, namely the alleged filing of a frivolous case "to delay Defendant's right to foreclose and take possession of its collateral." Dkt. 39 at 10 ¶ 155. The court expresses no opinion on the defendants' alternative ground for relief.

genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *See id.* at 322. If the moving party fails to meet this burden, then it is not entitled to a summary judgment, and no defense to the motion is required. *See id.* "For any matter on which the non-movant would bear the burden of proof at trial . . ., the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 322–25. To prevent summary judgment, the non-moving party must "set forth specific facts showing that there is a *genuine issue for trial*." (former FED. R. CIV. P. 56(e)) (emphasis added).

When a plaintiff or counter-plaintiff moves for summary judgment, the roles are reversed, but the burdens are the same for the movant and nonmovant. *See Celotex Corp.*, 477 U.S. at 322 ("In our view, the plain language of [Federal Rule of Civil Procedure ("Rule")] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The

court must review all of the evidence in the record without making credibility determinations or weighing any evidence. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). Additionally, the court must disregard all evidence favorable to the moving party that the jury is not required to believe while giving credence to the evidence favoring the non-moving party and the uncontradicted evidence supporting the moving party. *Id.* However, the non-movant cannot avoid summary judgment simply by presenting conclusory "allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galinda v. Precision Am. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

### III. ANALYSIS

#### A. *Texas Law on Attorneys' Fees*

Under the traditional "American Rule," each side bears the costs of its own attorney, unless a statute or contract provides otherwise. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257, 95 S. Ct. 1612 (1975); *Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 412 (5th Cir. 2006). Under Texas law, a party may recover attorneys' fees when such recovery is provided for in a contract. *See In re Velazquez*, 660 F.3d 893, 895–96, 899–900 (5th Cir. 2011). Texas courts determine the reasonableness of attorneys' fees and related expenses by applying the eight *Andersen* factors. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). These factors are:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

6

(2) the likelihood…that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Id.* "[E]vidence of each of the *Andersen* factors is not required to support an award of attorney's fees." *Arthur J. Gallagher & Co. v. Dieterich*, 270 S.W.3d 695, 706 (Tex. App.—Dallas 2008, no pet.). "The court can also look at the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties." *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 318 (Tex. App.—Dallas 2009, pet. denied).

    **B.**    *Analysis*

Defendants argue that the note and deed permit collection of reasonable and necessary attorneys' fees and expenses. Dkt. 48 at 6. Specifically, defendants argue that Section 9 of the deed entitles the Lender to "do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument," including "paying reasonable attorneys' fees." Dkt. 38, Ex. B at 6–7 ¶ 9. Defendants further argue that Section 7(E) of the note requires Hines to pay the "costs and expenses in enforcing this Note," and that "those expenses include, for example, reasonable attorneys' fees." Dkt. 38, Ex. A at 3 ¶ 7(E).

As stated above, Hines responds with two basic challenges: (1) Deutsche Bank is not a holder of the note entitled to enforce its obligations; and (2) there is a genuine dispute of material fact regarding any defendant's ownership of the note because of alleged violations of MERS's Rules of Membership and New York trust law.  Dkt. 50 at 9–17.

First, regarding holder status, that objection is ultimately irrelevant because the summary-judgment evidence created no genuine dispute regarding Deutsche Bank's status as an owner of the note entitled to enforce its debt obligations, including attorneys' fees. *Martin*, 377 S.W.3d at 84–85. Second, Hines lacks any standing to contest MERS's assignment of the note and deed under either MERS's internal rules or New York trust law because any alleged violations are voidable, not void, and immune from challenge by a mere obligor. *See Reinagel*, 735 F.3d at 228; *Sigaran v. U.S. Bank Nat'l Ass'n*, No. H-12-3588, 2013 WL 2368336, at *3 (S.D. Tex. May 29, 2013) (Rosenthal, J.) ("Despite New York law's use of the term 'void,' courts applying New York law have treated *ultra vires* actions by trustees as voidable and capable of ratification."); *see also Bank of Am. Nat'l Ass'n v. Bassman FBT, LLC*, 981 N.E.2d 1, 8–10 (Ill. App. Ct. 2012) (concluding under New York law that a trustee's unauthorized or *ultra vires* decisions are voidable, not void).  Hines's objections are therefore overruled.

And beyond Hines's objections, all of the requirements for the recovery of attorneys' fees and costs set out by the note and deed have been satisfied.  It is not in dispute that Hines was in default on her obligations under the note and deed.  To prevent Deutsche Bank from foreclosing on the property, Hines filed this lawsuit which could have affected Deutsche Bank's lien on the property.  Defendants are therefore entitled to recover reasonable and necessary attorneys' fees and costs incurred to defend this lawsuit.

Defendants seek $28,548.03 in attorneys' fees and costs, which they assert are reasonable and necessary. Dkt. 48. They attach a declaration of a partner on the case who indicates that the fees are consistent with the usual and customary fees charged in the Southern District for similar cases. *Id.*, Ex. D. They also attach invoices documenting the services performed, who performed them and at what hourly rate, when they were performed, and how much time the work required. *Id.* Counsel's partner hourly rate in this case was $400.00 per hour. *Id.* at 2 ¶ 5. Its hourly rate for associates was $275.00 per hour. *Id.* Hines presented no argument or evidence to challenge the substance or rates of defendants' fee request in her response to defendants' motion for summary judgment.

The court finds that Hines has not raised a genuine dispute concerning the hourly rates as compared to attorneys with similar experience in a similar market, and the court finds defendants' counsel's hourly rates are reasonable. The court further finds that the number of hours expended are reasonable as compared to the time and labor required to perform similar legal services. Accordingly, the court **GRANTS** defendants' request for attorneys' fees totaling **$28,548.03**.

### IV. CONCLUSION

The defendants' motion for summary judgment on its counterclaim for attorneys' fees (Dkt. 48) is **GRANTED**. It is **ORDERED** that Hines pay defendants their reasonable and necessary attorneys' fees incurred in defending this lawsuit, as determined by the court above, namely **$28,548.03**. The court will issue a separate final judgment consistent with this order.

Signed at Houston, Texas on March 6, 2014.

_____
Gray H. Miller
United States District Judge